## THE FIRST NATIONAL BANK OF MENDOTA

*v.*

## SAMUEL J. HAIGHT, JR.

1. BANKERS—*receiving money at a bank, uncounted by the party receiving it.* Where a borrower of money at a bank, has an opportunity and is able to count the money himself, but does not, and accepts the count of the bank officer as a performance of the contract of loan, then, although such acquiescence and acceptance will not be conclusive upon him, if there be in fact, a mistake, yet it will require as clear and satisfactory proof to open the transaction and recover for such mistake, as in the case of opening accounts between merchant and merchant, or banker and merchant, when there has been an account stated.

2. ACCOUNT STATED—*in what manner established.* In such a case, to make an account a stated account, it is not necessary the acceptance be express, but it may be implied from circumstances.

3. BURDEN OF PROOF—*in such case.* The burden of showing a mistake in such case, is upon the party seeking to recover therefor.

4. WITNESSES—*credibility.* A party who received money at a bank without counting it himself, brought an action against the bank to recover for an alleged mistake, in paying him a less sum than was intended. The deficiency was not discovered until the second day after the money was received, the party alleging the mistake having in the mean time paid out and received different sums: *Held,* it was error to refuse to instruct the jury, on behalf of the bank, that in estimating the credibility of the two witnesses, the plaintiff, and the officer of the bank who paid him the money, and probability as to which of them made the mistake, the latter in counting, or the former in taking proper care of the money after he received it, the jury might take into consideration, their appearance on the stand, their business competency, care and habits, as disclosed by the evidence.

APPEAL from the Circuit Court of LaSalle county ; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Messrs. CRAWFORD & BECK, and Mr. L. B. CROOKER, for the appellant.

Mr. E. W. Dewey and Mr. J. C. Crooker, for the appellee.

Mr. Justice McAllister delivered the opinion of the Court:

This suit was brought by appellee against appellant, in a justice's court, and taken from thence by appeal to the LaSalle circuit court, where a trial was had before the court and a jury, which resulted in a verdict in favor of appellee for $55.68. A motion was made for a new trial, which was overruled, and judgment rendered for that amount. The evidence and rulings of the court were preserved in a bill of exceptions, and the case brought here by appeal. The errors assigned and relied on are: First, that the verdict was unsupported by the evidence, and the court should have granted a new trial. Second, the court erred in refusing instructions asked on behalf of appellant.

The transaction, out of which the alleged cause of action arose, is, that on the twelfth day of June, 1869, appellee concluded arrangements for the loan of $1000, at appellant's bank, for four months, with interest at the rate of ten per cent. Appellee had his own note for that amount, payable in four months, with his father as endorser, which, pursuant to the arrangement, was delivered to the bank to be discounted, at the rate above specified, and by taking out some anticipated expenses, such as stamps, etc., the president of the bank, having received the note and ascertained the amount to be deducted according to the arrangement, proceeded to count out and pay over the balance, taking a package of $500, done up and marked according to the usages of banks, for that purpose, and then, in the presence of appellee, counting off the remainder. This was Saturday afternoon, about three o'clock. Appellee had every opportunity to run over and count the $500 package, and says he did not; that he did not count over the other bills, amounting to $460 or $465, not in the package, because he followed the president's count and thought it correct. He admits that he paid ninety-five dollars to his father that day. He received

other money on that day to the amount of $300, and can not swear that he did not pay out any more.

On Monday, having received over $2000 at appellant's bank on a check from other parties, and there being in that amount two $1000 bills, he proposed, as he said, to have the money he had borrowed and what he had put with it, exchanged for another $1000 bill. On the money being counted, which included the $500 package, he was told that there were only $950 of it. He had never counted over the whole money he obtained but kept it about his person; slept with a hired man and had a large number of persons about his house. And upon these facts he claims that in the supposed performance of the contract of loan, the bank had paid him fifty dollars less than was due to him.

The president swears positively, that this $500 package had been twice counted, and was correct, as marked, and that they found no derangement in their cash account to show any such mistake.

Where a party receives money at a bank under such a transaction as this, and has an opportunity and is able to count the money himself, but does not, and accepts the count of the bank officer as a performance of the contract of loan, then, although such acquiescence and acceptance will not be conclusive upon him, if there be in fact, a mistake, yet it will require as clear and satisfactory proof to open the transaction and recover for such mistake, as in the case of opening accounts between merchant and merchant, or banker and merchant, when there has been an account stated. In such case, to make an account a stated account, it is not necessary that the acceptance be express, but it may be implied from circumstances. 1 Story Eq. Jur. 526.

The burden of showing the mistake alleged was upon appellee, and he was required to establish it by clear testimony. But from a careful examination of the evidence, we are unable to discover any preponderance in his favor, and the circuit court erred in refusing a new trial. We think, also, that the

13—55th Ill.

court erred in refusing to give the fourth instruction asked on behalf of appellant. The purport of that instruction was, that in estimating the credibility of the two witnesses, and probability as to which of the two principal actors in the transaction, the president of the bank or appellee, had made the mistake, the former in counting, or the latter in taking proper care of the money after he received it, the jury might take into consideration, their appearance on the stand, their business competency, care and habits, as disclosed by the evidence.

These matters were very pertinent and proper to be considered by the jury, and for the reasons stated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*